### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-04-190-M |
| | ) | |
| VERIZON COMMUNICATIONS INC., | ) | |
| a Delaware corporation f/k/a BELL | ) | |
| ATLANTIC INC., a Delaware corporation, | ) | |
| and CUSTOMER MANAGEMENT | ) | |
| AUTOMATION INC., a Texas corporation | ) | |
| a/k/a Call Center Services, a Verizon | ) | |
| subsidiary, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

This case is currently set on the Court's September, 2005 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed February 8, 2005. On February 28, 2005, plaintiff filed his response, and on March 18, 2005, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

On March 9, 2000, plaintiff executed an offer letter and was hired by Bell Atlantic Data Solutions Group – Call Center Services, Inc.[1] as a Sales Engineer. On August 31, 2002, plaintiff's employment with VNIC terminated due to a reduction in force. As part of his termination, on August 20, 2002, plaintiff signed a Separation Agreement and Release (the "Release"). The Release provides, in pertinent part:

---

[1]During plaintiff's employment, Bell Atlantic Data Solutions Group – Call Center Services, Inc. changed its name to Verizon Call Center Services Corp.; on or around June 30, 2001, Verizon Call Center Services Corp. merged into Verizon Network Integration Corp. Plaintiff's collective employer will hereinafter be referred to as "VNIC."

I, MICHAEL SMITH, on behalf of myself, my heirs, executors, administrators, representatives, successors and assigns, UNDERSTAND AND AGREE THAT:

\*        \*        \*

2.  I am voluntarily signing this document (the "Release"), which governs the terms of my separation from employment with the Company.  My signature is in exchange for a cash separation payment in the amount of **$9,979.35** (less applicable withholding taxes) and the other benefits specified under the Verizon Severance Program for Management Employees (the "Severance Program") that I may be qualified to receive.

\*        \*        \*

5.  In exchange for the payment and other benefits described in paragraph 2, I agree to the following:

(a) I waive, release and forever give up any claim I may have against the Company or Verizon, and their present or former directors, officers, employees, agents, attorneys, employee benefit plans (including the Severance Program), fiduciaries, insurers and administrators of those plans, and the successors and assigns of all these persons and entities ("Releasees").  This Release applies only to claims based on any event that has occurred before I sign this Release.  I am releasing and giving up claims I now know about and those I may not know about.  This includes all obligations, claims, or causes of action of any kind, whether in tort, by contract or statute, or on any other basis, for equitable relief, compensatory, punitive or other damages, attorneys' fees, costs or expenses.  This includes but is not limited to claims related to alleged discrimination on the basis of age, color, race, gender, sexual orientation, religion, national origin, handicap or disability, veteran status, marital status or any other basis, and includes claims arising under the Age Discrimination in Employment Act of 1967, as amended, ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), the Employee Retirement Income Security Act of 1974, as amended ("ERISA") subject to the limitations stated in paragraph 6 below, the Fair Labor Standards Act, as amended ("FLSA"), the Family and Medical Leave Act, as amended ("FMLA"), the Americans with Disabilities Act of 1990 ("ADA"), the Equal Pay Act ("EPA"), the Rehabilitations Act of 1973, as amended ("Rehab Act"), the WARN Act, Executive

Order 11246 and claims under any other federal law, and any state or local law.

* * *

15. This Release is the entire agreement between the Company and me. No promises or representations have been made to me other than those in this Release. In deciding to sign this Release, I have not relied on any statement by anyone associated with Verizon that is not contained in this Release. It is not necessary that the Company sign this Release for it to become binding on both me and the Company.

Separation Agreement and Release, attached as Exhibit 3 to defendant's Motion for Summary Judgment.

A few months after his termination, plaintiff communicated with VNIC's human resources department regarding unpaid Verizon incentive pay ("VIP"), unpaid commissions, and unpaid salary. Upon looking into plaintiff's allegations of unpaid compensation, VNIC discovered that plaintiff's original cash separation benefit, in the amount of $9,979.35, was calculated using a Verizon Incentive Plan short-term incentive target (11% of base salary) rather than the Verizon ESG Sales Incentive Plan short-term incentive target ($20,000). VNIC determined this was a clerical error, recalculated plaintiff's separation benefit amount using the Verizon ESG Sales Incentive Plan short-term incentive target, and found that the new calculation resulted in a separation benefit amount that was $934.10 more than the amount plaintiff had been paid. VNIC then paid plaintiff the additional $934.10 benefit. VNIC, however, determined that plaintiff was not entitled to any additional compensation for alleged unpaid salary or commissions.

As a result, on February 25, 2004, plaintiff filed the instant action asserting causes of action for breach of contract and fraudulent misrepresentation based upon VNIC's failure to pay commissions and salary to which he allegedly is entitled. VNIC now moves for summary judgment

3

as to plaintiff's claims.

II.    Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

VNIC asserts that based upon the Release, plaintiff's breach of contract and fraudulent misrepresentation claims are barred.[2]  Plaintiff contends that the Release is not valid for lack of consideration and does not release VNIC from plaintiff's claims.

---

[2]VNIC also moves for summary judgment on the merits of plaintiff's claims.  Because this Court finds that VNIC is entitled to summary judgment based upon the Release, the Court declines to address the merits of plaintiff's claims.

"A release is a contract.  If the language of a contract is clear and without ambiguity, the Court is to interpret it as a matter of law." *Corbett v. Combined Communications Corp. of Okla., Inc.*, 654 P.2d 616, 617 (Okla. 1982).  Having carefully reviewed the Release, the Court finds that the language in paragraph 5, which releases any claims plaintiff has against VNIC based upon events which occurred prior to his signing the Release, is clear and unambiguous.  Plaintiff's breach of contract and fraudulent misrepresentation claims are based upon the March 9, 2000 offer letter and oral representations regarding a salary increase made approximately at or about the same time as the offer letter.[3]  The Court, therefore, finds that if the Release is otherwise enforceable, plaintiff's breach of contract and fraudulent misrepresentation claims are barred.

Plaintiff, however, asserts that the Release is unenforceable for lack of consideration.  To be enforceable, a contract must be supported by valid consideration.  *Powers Restaurants, Inc. v. Garrison*, 465 P.2d 761, 763 (Okla. 1970).  Consideration is "[a]ny benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor."  Okla. Stat. tit. 15, § 106. "The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it."  Okla. Stat. tit 15, § 115.

Paragraph two of the Release sets forth the following as the purported consideration for the Release: (1) a cash separation payment in the amount of $9,979.35, and (2) other benefits specified under the Verizon Severance Program for Management Employees that plaintiff may be qualified

---

[3]A review of the evidence also reveals that plaintiff believed that he was entitled to additional commissions and salary at the time he signed the Release.

5

to receive.  It is undisputed that Smith received the cash separation payment in the amount of $9,979.35.  Further, plaintiff does not allege that he failed to receive any other benefits under the Verizon Severance Program for Management Employees for which he was qualified.

Plaintiff, however, appears to assert that the alleged error in the amount of the cash separation payment he received and the amount of the additional cash separation payment he was paid somehow render the consideration for the Release inadequate.  Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff, the Court finds that this assertion is without merit and that plaintiff has failed to satisfy his burden of showing want of consideration.  The Court further specifically finds that the consideration set forth in the Release and received by plaintiff is sufficient consideration to render the Release valid and enforceable.

Therefore, because the Release is valid and enforceable, and because plaintiff's breach of contract and fraudulent misrepresentation claims fall within the provisions of the Release and are barred by it, the Court finds that VNIC is entitled to summary judgment.

IV.    Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS defendant's Motion for Summary Judgment [docket no. 40].

**IT IS SO ORDERED this 10th day of August, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE